**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| AHO TALANOA SIUA,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 11-73879<br><br>Agency No. A096-690-485<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 9, 2015
Pasadena, California

Before: GOULD and BERZON, Circuit Judges and STEEH,[**] Senior District
Judge.

In a hearing before an Immigration Judge ("IJ"), Aho Siua testified

inaccurately about his criminal record.  The IJ accepted Siua's explanation for his

inaccurate testimony and granted him cancellation of removal under 8 U.S.C. §

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The Honorable George Caram Steeh III, Senior District Judge for the
U.S. District Court for the Eastern District of Michigan, sitting by designation.

1229b(b). The Board of Immigration Appeals ("BIA") reversed, holding that Siua was ineligible for cancellation of removal because he had "given false testimony for the purpose of obtaining . . . benefits under" the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101(f)(6), and thus could not establish the requisite good moral character. Petitioner Siua challenges the Board's determination. We grant the petition.

Under the INA, false testimony precludes a finding of good moral character only where it is made with the "subjective intent to deceive for the purpose of obtaining immigration benefits." *Ramos v. INS*, 246 F.3d 1264, 1266 (9th Cir. 2001) (citing *Kungys v. United States*, 485 U.S. 759, 780 (1988)). In determining whether Siua was eligible for cancellation of removal notwithstanding his false testimony, therefore, the IJ was required to make a factual finding about Siua's intent. The IJ's opinion did not explicitly make any such finding, and it is not clear whether the BIA understood the IJ to have done so.

If the IJ, in accepting Siua's explanation for his inaccurate testimony, implicitly found that Siua lacked the necessary "subjective intent to deceive for the purpose of obtaining immigration benefits," the Board improperly reversed this finding without applying the correct standard of review. BIA regulations provide that "[t]he Board will not engage in de novo review of findings of fact determined

2

by an immigration judge." 8 C.F.R. § 1003.1(d)(3)(i). The BIA may only overturn an IJ's factual findings where those findings are clearly erroneous. *Rodriguez v. Holder*, 683 F.3d 1164, 1170 (9th Cir. 2012). The Board made no such determination in this case. Its opinion states that Siua gave false testimony for the purpose of obtaining immigration benefits, but it provides no analysis or explanation of why the IJ's contrary conclusion is clearly erroneous.

If the BIA concluded that the IJ did not make any finding as to Siua's subjective intent, it was required to remand to the IJ. "Where the IJ has not made a finding of fact on a disputed matter, and such a finding is necessary to resolution of the case, the BIA must remand to the IJ to make the required finding; it may not conduct its own fact-finding." *Id.* (citing 8 C.F.R. § 1003.1(d)(3)(i)).

If, instead, the BIA concluded that the IJ did make a finding as to Siua's subjective intent, then the BIA erred in determining intent de novo, rather than reviewing the IJ's holding for clear error. *Id.* ("Where the BIA engages in de novo review of an IJ's factual findings instead of limiting its review to clear error, it has committed an error of law.").

We therefore grant the petition and remand to the BIA. On remand, the Board must either defer to the IJ's finding regarding Siua's intent, explain why that

3

finding was clearly erroneous, or remand to the IJ to make the necessary finding in the first instance.

**GRANTED**